# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

John R. Griffin, Jr.

    v.                                    Civil No. 16-cv-438-JL

Manchester Parole Office,
Jennifer Walters, Lena Catovic,
Kevin Valenti, New Hampshire
Parole Board, Hillsborough County
Attorney's Office, Mark Hastbacka,
Kent Smith, and Nicole Thorspecken

## REPORT AND RECOMMENDATION

This Report and Recommendation ("R&R") replaces the January 9, 2017 R&R (Doc. No. 11) ("January 9 R&R").  Plaintiff John R. Griffin, Jr. was an inmate at the New Hampshire State Prison ("NHSP") when he filed this action, and he remains incarcerated at this time, pending satisfaction of a condition upon which he was granted parole in November 2016.  Griffin brought this suit pursuant to 42 U.S.C. § 1983, to challenge, as invalid and retaliatory, a parole revocation proceeding in June 2016 that resulted in Griffin's return to prison, after he had been paroled and living in the community since March 1, 2016.

Griffin's complaint (Doc. No. 1) is before the court for preliminary review, pursuant to LR 4.3(d)(1) and 28 U.S.C. §§ 1915(e)(2) and 1915A.  Also pending at this time are

Griffin's motion to substitute Assistant Hillsborough County
Attorney Kent Smith for Smith's subordinate, defendant Attorney
Nicole Thorspecken (Doc. No. 6); a complaint addendum (Doc. No.
9); and Griffin's motion seeking a hearing and a declaratory
judgment as to whether "Rule 7," i.e., N.H. Admin. R. Par
401.02(b)(7), is unconstitutionally vague (Doc. No. 10).


## Background[1]

Griffin was paroled on March 1, 2016, and was a parolee
living in the community, at "Helping Hands" in Manchester, until
May 10, 2016, when he was evicted.  Griffin asserts that after
his May 10 eviction from Helping Hands, he was "forced into a
homeless situation."  Doc. No. 13, at 2.  He camped in a wooded
area in Manchester until he was able to find a place to live on
May 28/29, 2016.  Id.

At the time of Griffin's eviction from Helping Hands, he
was litigating a state habeas petition in Hillsborough County
Superior Court South, challenging the validity of the conviction
for which he was on parole.  Sometime prior to May 25, 2016,
Griffin mailed a letter to Assistant Hillsborough County

---

[1]The facts set forth in this R&R are derived from Griffin's
complaint (Doc. No. 1); complaint addendum (Doc. No. 9); motion
to clarify (Doc. No. 17); motion to substitute defendants (Doc.
No. 6); motion for summary judgment (Doc. No. 13); and motion
regarding Rule 7 (Doc. No. 10).

Attorney ("ACA") Nicole Thorspecken regarding a motion for reconsideration Griffin was filing in his state habeas petition ("May 2016 Letter").  That letter, <u>see</u> Doc. No. 1, at 14 – 19, includes expletives and statements about guns, explosives, and armed citizens rising up.  Griffin states that the letter was intended to be a protest of the injustice of his underlying arrest and incarceration.  Griffin acknowledges that the letter could be considered "insulting, unpleasant and caustic," but maintains that it was "not threatening."  Doc. No. 1, at 6.  ACA Kent Smith, Attorney Thorspecken's supervisor, considered the May 2016 Letter to be threatening, and asked the FBI to become involved.  <u>See</u> Doc. No. 6-1, at 1 (ACA Kent Smith, Ltr. to Griffin, Oct. 4, 2016).

New Hampshire Department of Corrections ("DOC") Parole Officer Jennifer Walters attempted to locate Griffin at Helping Hands sometime around May 19, 2016.  <u>See</u> Doc. No. 13-1 (Parole Officer Supervision Note, May 19, 2016).  She discovered at that time that Helping Hands had evicted Griffin on May 10.  <u>Id.</u>  In her parole supervision notes, Walters noted that she would give Griffin until June 1, 2016 to report to the parole office before that office would request a warrant for his arrest.  <u>Id.</u>

A warrant for Griffin's arrest issued on May 27, 2016. That warrant, issued by a member of the New Hampshire Adult Parole Board ("APB"), charged Griffin with violating his parole

by failing to be of good conduct (based on the May 2016 Letter) and by failing to obtain the parole officer's permission before changing his residence.  See Doc. No. 13-1 (arrest warrant, May 27, 2016).

The APB conducted a parole revocation hearing concerning Griffin on June 21, 2016.  Griffin appeared personally and through counsel.  See Doc. No. 1, at 20.  Griffin alleges that DOC Parole Officer Kevin Valenti made an offer of proof to the Board, stating that people considered Griffin to be dangerous. The Board concluded that Griffin had violated the terms of his parole which required him to be "of good behavior," see N.H. Admin. R. Par 401.02(b)(7), and to obtain the parole officer's permission before changing his residence, see id. 401.20(b)(3). The Board revoked Griffin's parole at that time.

In July 2016, Griffin received notice that a third party, Michael Salafia, had filed a stalking petition against Griffin in Derry District Court sometime after June 13, 2016.  The stalking petition, the first page of which is filed as an exhibit in this case, see Doc. No. 1, at 21, states that FBI Agent Mark Hastbacka told Salafia that Griffin had implicated Salafia in a plot to kill a judge and a prosecutor if Griffin's conviction were not annulled.  Griffin argues that the stalking petition, which he says resulted in the Derry District Court's issuance of a protective order, was based on false information

4

provided to Salafia by Hastbacka, and that the petition was the basis for Valenti's statements at Griffin's parole revocation hearing regarding people fearing Griffin.

In August 2016, Griffin requested that the APB grant him a new hearing so he could cross-examine Valenti and present evidence to the Board.  See Doc. No. 1, at 20.  The Board denied that request, stating that Griffin could request a new hearing after meeting with a mental health provider in September 2016. See id.

The APB reconsidered the revocation of Griffin's parole on November 15, 2016.  The Board granted Griffin parole in that hearing, conditioned on Griffin's ability to obtain approved housing.  Griffin reports that he is on a waiting list for such housing, and remains incarcerated at the NHSP in the interim. See Doc. No. 17, at 1.

## Claims

Seeking immediate release from confinement, damages, community-based housing, and declaratory relief, Griffin asserts the following claims in this action:

> 1.   Defendants ACAs Nicole Thorspecken and/or Kent Smith; DOC Parole Officers Jennifer Walters, Lena Catovic, and Kevin Valenti; and FBI Agent Mark Hastbacka arrested Griffin and initiated parole revocation proceedings against him, in retaliation for Griffin's exercise of his First Amendment rights by writing the May 2016 Letter;

2.   Defendants violated Griffin's Fifth and Fourteenth
Amendment rights to due process at his June 2016 parole
revocation as:

> (a) the revocation was based, in part, on Griffin's
> violation of N.H. Admin. R. Par 401.02(b)(7), which is
> void for vagueness;
>
> (b) the revocation was based, in part, on false
> testimony knowingly provided by Parole Officer Valenti
> to the APB, regarding people in the community
> perceiving Griffin to be dangerous, which, in turn,
> was based on false statements knowingly made by FBI
> Agent Hastbacka, in a conspiracy with the remaining
> defendants, which was designed to induce a third party
> (Salafia) to file a stalking petition in the Derry
> District Court in June 2016; and
>
> (c) the APB erred in finding that Griffin had violated
> his parole, as Griffin's conduct relating to the May
> 2016 Letter was not a crime under New Hampshire law,
> and Griffin's eviction and homelessness were
> extenuating circumstances leading to Griffin's failure
> to notify his parole officer regarding his new
> residence prior to his arrest on his parole violation.

## **Discussion**

### I.   **Preliminary Review**

#### A.   Standard

The magistrate judge in this court conducts a preliminary
review of prisoner complaints filed in forma pauperis.  See LR
4.3(d).  The magistrate judge may recommend to the district
judge that claims be dismissed if, among other things, the court
lacks jurisdiction, a defendant is immune from the relief
sought, or the complaint fails to state a claim upon which

relief may be granted.  See 28 U.S.C. §§ 1915(e)(2),

1915A(b)(1); LR 4.3(d)(1)(A).  In conducting its preliminary

review, the court construes pro se complaints liberally. See

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The

complaint must contain "sufficient factual matter, accepted as

true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (citation omitted).

     B.   Eleventh Amendment

Plaintiff asserts claims against the Manchester Parole

Office (a component of the DOC), and the APB, both of which are

state agencies.  Griffin's claims against those agencies should

be dismissed, and those parties should be dropped, as such

claims are barred by the Eleventh Amendment.  See Davidson v.

Howe, 749 F.3d 21, 27-28 (1st Cir. 2014); Coggeshall v. Mass.

Bd. of Reg. of Psychologists, 604 F.3d 658, 662 (1st Cir. 2010).

     C.   Municipal Liability

Plaintiff names the Office of the Hillsborough County

Attorney as a defendant in this action.  To the extent that the

office is a county agency, it may not be held liable for

violating plaintiff's federal constitutional rights under a

theory of respondent superior.  See Iqbal, 556 U.S. at 677.  A

"plaintiff who brings a section 1983 action against a

municipality . . . must identify a municipal policy or custom

that caused the plaintiff's injury."  Haley v. City of Boston,

657 F.3d 39, 51 (1st Cir. 2011) (citations and internal
quotation marks omitted).  As the complaint does not identify
any municipal policy or custom pertinent to the claimed
unconstitutional actions here, the district judge should dismiss
claims asserted against the Hillsborough County Attorney's
Office, and drop that party from this case.

     D.   Claim 1 – Retaliatory Proceedings

     In Claim 1, Griffin seeks to hold a prosecutor, two parole
officers, and an FBI agent liable for retaliating against him
for exercising his First Amendment rights.  Griffin asserts that
by initiating a retaliatory investigation, arrest, and parole
revocation proceeding in response to Griffin's May 2016 Letter,
which resulted in the revocation of Griffin's parole, those
defendants took adverse action against Griffin for exercising
his right of access to the courts, his right to petition the
government for redress of grievances, and his right to free
speech.

     Without prejudice to defendants' ability to move to dismiss
Claim 1 on any valid basis, this court allows the claim to
proceed as a claim for damages asserted under Bivens v. Six
Unknown Named Fed. Narc. Agents, 403 U.S. 388 (1971), and 42
U.S.C. § 1983.  In a separate Order (Doc. No. 12), the court
directed service of this claim against FBI Agent Hastbacka and
DOC Parole Officers Jennifer Walters, Lena Catovic, and Kevin

Valenti, and ACA Kent Smith.

E.    Claim 2 – Invalidity of Parole Revocation

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court
held that,

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by
> actions whose unlawfulness would render a conviction or
> sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state
> tribunal authorized to make such determination, or called
> into question by a federal court's issuance of a writ of
> habeas corpus.

Id. at 486–87 (footnote omitted).  The Heck rule requires courts
to dismiss § 1983 claims if a favorable judgment would
necessarily imply the invalidity of that prisoner's conviction
or sentence.  Id. at 487.  The Heck rule has been extended to
bar § 1983 claims for relief which would necessarily imply the
invalidity of a decision to revoke parole.  See White v.
Gittens, 121 F.3d 803, 807 (1st Cir. 1997) (applying Heck where
"favorable decision in the § 1983 proceeding would necessarily
call into question the validity of the state's decree revoking
[plaintiff's] parole and ordering him back to prison"); Farland
v. Wall, 91 F. Supp. 3d 74, 78 (D. Mass. 2015).

Claim 2 challenges the validity of Griffin's parole
revocation on grounds that: state and federal agents conspired
to fabricate evidence, so that false testimony would affect the
Parole Board's decision; the Parole Board erred in finding any

violation of Griffin's parole, as a matter of fact and state law; and a parole regulation, forming one ground for the revocation of Griffin's parole, is void for vagueness.  Griffin is seeking immediate release and a declaration that the parole revocation was invalid.  Under Heck, Griffin must first show that the parole revocation has been expunged, reversed, or otherwise invalidated, or called into question by a federal court's issuance of a writ of habeas corpus.  Griffin cannot make that showing at this time.  Accordingly, the district judge should dismiss Claim 2.

## II.   Motion to Substitute Smith for Thorspecken (Doc. No. 6)

In a motion to amend the pleadings (Doc. No. 6), Griffin seeks leave to substitute Attorney Kent Smith for defendant Attorney Nicole Thorspecken.  In a letter to Griffin, Smith took responsibility for matters alleged by Griffin as to Thorspecken. This court has construed Griffin's filings liberally to name Smith as a defendant, and has directed service on Smith in this matter.  The motion to substitute parties (Doc. No. 6) should be granted, to the extent that the court should dismiss the claims against Thorspecken, without prejudice, and drop Thorspecken as a defendant.

## III. Motion as to Parole Board Rule 7 (Doc. No. 10)

Griffin's request for a declaratory judgment and other relief, challenging the validity of N.H. Admin. R. Par

401.02(b)(7), is barred by <u>Heck</u>.  Until Griffin can show that his parole revocation has been invalidated by the state, or called into question by a federal court's issuance of a writ of habeas corpus, Griffin cannot obtain the relief he seeks in Document No. 10.  Accordingly, applying the <u>Heck</u> rule, the district judge should deny the motion for a hearing and for a declaratory judgment as to N.H. Admin. R. Par 401.02(b)(7) (Doc. No. 10).

## Conclusion

For the foregoing reasons, the district judge should approve this Report and Recommendation and should:

1.   Dismiss Claims 2 and 3;

2.   Dismiss all claims against the Manchester Parole Office, the APB, and the Hillsborough County Attorney's Office, and drop those defendants from this case;

3.   Grant the motion to substitute defendants (Doc. No. 6), deem the claims asserted by Griffin against Nicole Thorspecken to be asserted against Kent Smith, dismiss all claims against Nicole Thorspecken without prejudice, and drop Thorspecken as a party; and

4.   Deny the motion for a hearing and to declare New Hampshire Adult Parole Board Rule 7 invalid (Doc. No. 10).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified

time waives the right to appeal the district court's order.  <u>See</u>

<u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir.

2016).


_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

January 25, 2017

cc:   John R. Griffin, Jr., pro se

12