```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

John R. Griffin, Jr.

    v.                                Civil No. 16-cv-438-JL

Jennifer Walters, Irena Catovic,
Kevin Valenti, Mark Hastbacka,
and Kent Smith[1]

### REPORT AND RECOMMENDATION ON DOC. NOS. 28, 46, 48

Before the court, and addressed in this Report and Recommendation ("R&R"), are three motions filed by plaintiff, John R. Griffin, Jr.:

- two motions seeing to join Merrimack County, the Office of the New Hampshire Public Defender ("NHPD"), and Attorney Eleanor Spottswood as new defendants (Doc. Nos. 28, 48) to this action; and

- a motion seeking to charge defendants with a violation of 18 U.S.C. § 241 (Doc. No. 46).

Defendants have not responded to these motions. The motions have been referred to the magistrate judge for preliminary review, pursuant to LR 4.3(d)(1) and 28 U.S.C. § 1915A.

---

[1] Defendants in this case, other than those listed in the caption of this Order, have been dropped from this action. See Apr. 4, 2017 Order (Doc. No. 47); Feb. 24, 2017 Order (Doc. No. 32).

## Background[2]

In March 2016, Griffin was paroled to the community from the sentence imposed on his underlying state conviction. While on parole, in May 2016, Griffin mailed a letter ("May 2016 Letter"), addressed to a prosecutor at the Hillsborough County Attorney's Office, regarding a state habeas proceeding he was litigating. The prosecutor's supervisor, Attorney Kent Smith, considered the May 2016 Letter to be threatening, and referred the matter to the FBI for investigation.

While on parole, Griffin had lived at a residence called, "Helping Hands," until he was evicted on May 10, 2016. New Hampshire Department of Corrections ("DOC") parole officers, unaware of the eviction, unsuccessfully attempted to find Griffin at Helping Hands on May 19, 2016. The Adult Parole Board ("APB") issued a warrant for Griffin's arrest for a parole violation on May 27, 2016, and parole officers arrested Griffin pursuant to that warrant.

Griffin appeared personally and through appointed counsel at a June 21, 2016 parole revocation hearing. Parole Officer Kevin Valenti also appeared at that hearing. The APB revoked

---

[2]The following summary of pertinent background facts is derived from the January 25, 2017 R&R (Doc. No. 19), approved by the February 24, 2017 Order (Doc. No. 32), and from supplemental facts alleged by Griffin in Document Nos. 28 and 48.

Griffin's parole upon finding that he had failed to be "of good behavior," N.H. Admin. R. Par 401.02(b)(7), and that he had not obtained his parole officer's permission before changing his residence, id. 401.20(b)(3).

Griffin filed this action to challenge, as retaliatory and invalid, his parole revocation, and the investigations and arrest underlying the revocation, relating to the May 2016 Letter. This court conducted a preliminary review of Griffin's complaint and allowed a First Amendment retaliation claim for damages to proceed in this action, under 42 U.S.C. § 1983, against multiple defendants, as follows:

> Assistant Hillsborough County Attorney Kent Smith; DOC Parole Officers Jennifer Walters, Irena Catovic, and Kevin Valenti; and FBI Agent Mark Hastbacka initiated investigations, an arrest, and/or parole revocation proceedings against Griffin, in retaliation for Griffin's writing and mailing the May 2016 Letter, which was conduct protected by the First Amendment.

See Jan. 25, 2017 R&R (Doc. No. 19) ("January 25 R&R"), approved by Feb. 24, 2017 Order (Doc. No. 32) ("February 24 Order").

## Discussion

### I. Motion to Join New Defendants (Doc. Nos. 28, 48)

#### A. Standard

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once as a matter of course, prior to twenty-one days after service of a responsive pleading.

3

Where the proposed amendment seeks to join a new party, that request is "'technically governed by Rule 21, which provides that the court may at any time, on just terms, add or drop a party.'" Gigunda Grp., Inc. v. Creative Collective Grp., No. 15-cv-104-LM, 2015 DNH 209, 2015 WL 6872281, at *1, 2015 U.S. Dist. LEXIS 151771, at *4 (D.N.H. Nov. 9, 2015) (citation omitted).

Plaintiff filed the motion to join new defendants and claims (Doc. No. 28) after this court had directed that defendants be served, but before any defendant had filed a responsive pleading. This court need not decide whether new defendants could be added at that time through an amendment to the complaint filed as of right, pursuant to Fed. R. Civ. P. 15(a)(1),[3] as this court is authorized to conduct a preliminary

---

[3] "Most courts have held that . . . an amendment changing parties requires leave of court even though made at a time when Rule 15 indicates it could be done as of course." 7 Charles A. Wright, Arthur R. Miller et al., Fed. Prac. & Proc. Civ. § 1688 & n.9 (3d ed.) (citing cases). The rationale for that result is that Rule 21 is the more specific rule governing such circumstances. See id. Other authorities, however, including courts in the Tenth and Fourth Circuits, afford a plaintiff an absolute right to join new parties through a complaint amendment, so long as no responsive pleading has been filed, and the plaintiff retains the ability to file an amended complaint as of right; Rule 15(a)(1) is deemed to be the more specific rule in that circumstance. See, e.g., Galustian v. Peter, 591 F.3d 724, 730, (4th Cir. 2010); U.S. ex rel. Precision Co. v. Koch Indus., Inc., 31 F.3d 1015, 1019 (10th Cir. 1994); see also 6 Charles A. Wright, Arthur R. Miller et al., Fed. Prac. & Proc. Civ. § 1479 (3d ed.) (favoring result in cases that allow joinder of new defendants via amended pleadings filed as of

review of any complaint amendment filed by Griffin in this case, including the allegations set forth in Document No. 28, pursuant to LR 4.3(d), 28 U.S.C. § 1915A, and 28 U.S.C. § 1915(e)(2). The standard applied in that preliminary review is set forth in the January 25 R&R (Doc. No. 19), at 6-7.

B.  Non-State Actors

In Document Nos. 28 and 46, plaintiff asserts federal constitutional claims against two non-state actors, Attorney Eleanor Spottswood, the public defender appointed to represent Griffin before the APB, and her employer, the NHPD. Plaintiff asserts this claim pursuant to 42 U.S.C. § 1983, which provides a cause of action to those whose federal constitutional rights have been violated by a defendant acting under color of state law.

In general, a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("public defender"). A public defender can be held to have engaged in state action for purposes of § 1983 only under limited circumstances, none of which are present here. See Georgia v. McCollum, 505 U.S. 42,

---

right, without leave of court, before any responsive pleadings have been filed).

5

54 (1992) (describing circumstances under which public defender could be deemed to be state actor for purposes of § 1983). Plaintiff's allegations regarding a conspiracy between his appointed counsel, the NHPD, and federal and state agents are speculative and conclusory. Stripped of legal conclusions, Document Nos. 28 and 46 fail to plead facts suggesting that either Griffin's appointed counsel or the NHPD engaged in joint action with government officials for purposes of establishing liability under 42 U.S.C. § 1983. Therefore, Griffin's assertions relating to Spottswood or the NHPD do not state a claim upon which relief can be granted, and those claims are properly dismissed from this action.

    C.   <u>Merrimack County</u>

Plaintiff asserts that Merrimack County is properly named a defendant to his § 1983 claims arising from the conduct of Attorney Spottswood in appearing as his appointed counsel in the APB proceedings. Plaintiff's motion is based on his assumption that the NHPD is a county agency. Neither Attorney Spottswood nor the NHPD, however, are agents of Merrimack County, and the County itself is not alleged to have taken any action that could give rise to liability under § 1983 in this action. Accordingly, Merrimack County is not properly joined as a defendant to this action, and should be dropped from this case.

6

## II. Motion to Charge under 18 U.S.C. § 241 (Doc. No. 46)

The motion to charge defendants with violating 18 U.S.C. § 241 (Doc. No. 46) is construed to be a motion to amend the complaint to add criminal charges to this case. Griffin does not have a protected interest or right to have alleged wrongdoers investigated or prosecuted. Cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). The criminal statute cited by Griffin, 18 U.S.C. § 241, does not provide for a private right of action. See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989). The decision to charge defendants with criminal conduct under 18 U.S.C. § 241 is a discretionary decision that is committed to the United States in its prosecutorial capacity. See Cok, 876 F.2d at 2. Accordingly, the district judge should deny Griffin's motion to charge defendants under 18 U.S.C. § 241 (Doc. No. 46). Such claims are not properly litigated here.

## Conclusion

For the foregoing reasons, the district judge should deny the motions seeking to add new defendants (Doc. Nos. 28, 48) and the motion seeking to charge defendants under 18 U.S.C. § 241 (Doc. No. 46). The court should: dismiss the claims charging any defendant with violations of 18 U.S.C. § 241, and dismiss

7

all claims asserted against Attorney Eleanor Spottswood, the NHPD, and Merrimack County.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

                                                */s/ Andrea K. Johnstone*
                                              Andrea K. Johnstone
                                              United States Magistrate Judge

August 7, 2017

cc: John R. Griffin, Jr., pro se
     Francis Charles Fredericks, Esq.
     John A. Curran, Esq.
     Robert J. Rabuck, Esq.