UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John R. Griffin, Jr.

    v.                                Civil No. 16-cv-438-JL

Jennifer Walters, Irena Catovic,
Kevin Valenti, Mark Hastbacka,
and Kent Smith[1]

**REPORT AND RECOMMENDATION ON DOC. NOS. 29 and 42**

Before the court is a motion to dismiss (Doc. No. 29) filed by defendants New Hampshire Department of Corrections ("DOC") Parole Officers Jennifer Walters, Irena Catovic, and Kevin Valenti ("State Defendants"). Griffin has objected. See Doc. No. 42. The motion to dismiss (Doc. Nos. 29) has been referred to the undersigned magistrate judge for a Report and Recommendation ("R&R") as to disposition. See LR 72.1. Additionally, as Griffin included a "Motion to Strike Defendants' Claim of Threat" as part of his objection (Doc. No. 42), Griffin's request to strike is also addressed in this R&R.

---

[1]Defendants in this case other than those listed in the caption of this Order have been dropped from this action. See Apr. 4, 2017 Order (Doc. No. 47); Feb. 24, 2017 Order (Doc. No. 32).

**Background**[2]

In March 2016, Griffin was paroled from a state prison sentence. While on parole in May 2016, Griffin mailed a letter ("May 2016 Letter"), addressed to Attorney Nicole Thorspecken, a prosecutor at the Hillsborough County Attorney's Office, regarding a state habeas proceeding he was litigating. Attorney Thorspecken's supervisor considered the May 2016 Letter to be threatening,[3] and referred the letter to the FBI for investigation.

Griffin had been living at "Helping Hands" while on parole, until he was evicted on May 10, 2016, rendering him homeless.[4]

---

[2]The following summary of pertinent background facts is derived from the Complaint (Doc. No. 1); the January 25, 2017 R&R (Doc. No. 19), approved by the February 24, 2017 Order (Doc. No. 32); and, where indicated, from documents filed by Griffin in a related case, Griffin v. Nadeau, No. 17-cv-209-LM (D.N.H., filed May 30, 2017).

[3]The May 2016 Letter includes statements about armed citizens rising up against tyranny, and urges Attorney Thorspecken to "[c]onsider the following 'Skill Set' I could employ at will," including the "[a]bility to di[s]appear, escape, evade capture," "to quickly process explosives from readily available household cleaners, other materials, Example: Magnetite (i.e. Black Sand), aluminum filings + a strip of magnesium in a coke can = thermite grenade – Burns +3,000° can melt thru armor," and the "[a]bility to place 7-8 115-230 grain projectiles from a three inch barrel into 8 inch reactive target at 7-15 feet – consistently and quickly." Doc. No. 13-1, at 6-8.

[4]Helping Hands Outreach Center manages two residential shelters in Manchester, New Hampshire. Helping Hands Outreach Ministries, Inc., http://helpinghandsmanchesternh.com/ (last accessed Aug. 11, 2017).

DOC parole officers, unaware of the eviction, unsuccessfully attempted to find Griffin at Helping Hands on May 19, 2016. Griffin's Parole Officer Jennifer Walters swore out an affidavit on May 27, 2016, seeking a warrant for Griffin's arrest for two parole violations: failing to obtain the parole officer's permission before changing residence, and failing to be of good conduct by sending an "aggressive and threatening letter" to Attorney Thorspecken. N.H. Adult Parole Bd. ("APB") Aff. & Warrant, Griffin v. Nadeau, No. 17-cv-209-LM (D.N.H., filed May 30, 2017) (ECF No. 1, at 11). Parole officers arrested Griffin on June 1, 2016. See id.

Griffin appeared personally and through appointed counsel at a June 21, 2016 parole revocation hearing. The APB revoked Griffin's parole, finding that he had not properly notified his parole officer about moving out of Helping Hands, see N.H. Admin. R. Par 401.20(b)(3) ("Parole Rule 3"), and that he had failed to be "of good behavior," id. 401.02(b)(7) ("Parole Rule 7"). The APB deemed the May 2016 Letter to be "new criminal conduct/behavior," in violation of Parole Rule 7. See APB, Results of Parole H'g, June 21, 2016, Nadeau, No. 17-cv-209-LM (ECF No. 1, at 12-13). In its decision revoking Griffin's parole, the APB specifically noted that Griffin had sent a letter to Attorney Thorspecken, including "comments and writings [that] were threatening in nature and bad conduct for a

3

parolee." Id. (ECF No. 1, at 13).

Griffin filed this action to challenge, as retaliatory and invalid, his parole revocation, and the investigations and arrest relating to the May 2016 Letter. This court conducted a preliminary review of Griffin's complaint and allowed a First Amendment retaliation claim to proceed in this action against state and federal agents, under 42 U.S.C. § 1983 and Bivens v. Six Unknown Fed. Narc. Agents, 403 U.S. 388 (1971), as follows:

> Assistant Hillsborough County Attorney Kent Smith; DOC Parole Officers Jennifer Walters, Irena Catovic, and Kevin Valenti; and FBI Agent Mark Hastbacka initiated investigations, an arrest, and/or parole revocation proceedings against Griffin, in retaliation for Griffin's writing and mailing the May 2016 Letter, which was conduct protected by the First Amendment.

See Aug. 7, 2017 R&R (Doc. No. 67, at 3) (citing Jan. 25, 2017 R&R (Doc. No. 19) ("January 25 R&R"), approved by Feb. 24, 2017 Order (Doc. No. 32) ("February 24 Order")).

**Discussion**

I.  Motion to Strike (Doc. No. 42)

This court's local rules allow a party to move to strike material offered in support of, or in opposition to, any motion served on that party, within fourteen days of service. See LR 7.2(b). Rule 12(f) of the Federal Rules of Civil Procedure authorizes the court to strike from a "pleading" any "insufficient defense or any redundant, immaterial, impertinent,

4

or scandalous matter." A motion to dismiss is not a "pleading," for purposes of a Rule 12(f) motion. Cf. Fed. R. Civ. P. 7(a) (listing pleadings). Furthermore, the State Defendants' arguments regarding the First Amendment are pertinent and material to Griffin's claims. Their arguments regarding the First Amendment and the May 2016 Letter do not comprise an insufficient defense, and are not colored with any words or other matters that could properly be stricken from the motion to dismiss. Accordingly, Griffin's request in Document No. 42, asking the court to strike the "threat" defense, should be denied.

II. Motion to Dismiss (Doc. No. 29)

A. Standard

The State Defendants' motion to dismiss (Doc. No. 29) is filed pursuant to Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss under Rule 12(b)(6), the court must consider whether the factual content in the complaint, taken as true, and inferences reasonably drawn therefrom, state a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In doing so, the court disregards the legal conclusions in the complaint. Hernandez-Cuevas, 723 F.3d at 102-03. The scope of the court's review is generally limited to "'facts and documents that are

5

part of or incorporated into the complaint,'" as well as "'documents incorporated by reference . . . , matters of public record, and other matters susceptible to judicial notice.'" Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (citations omitted). As plaintiff is proceeding pro se in this action, the court construes his pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

B. *Heck* Rule

Although the issue is not raised in the parties' briefs on the motion to dismiss,[5] this court appropriately may inquire at this time whether the Heck doctrine precludes further consideration of the merits of plaintiff's First Amendment retaliation claims, thereby warranting dismissal of those claims. See generally Heck v. Humphrey, 512 U.S. 477 (1994); see also, e.g., White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997) (characterizing Heck as jurisdictional and raising it as grounds for affirming dismissal although neither party briefed it). The Heck rule requires courts to dismiss § 1983 claims if a favorable judgment would necessarily imply the invalidity of that prisoner's conviction or sentence, unless it has been

---

[5]The Heck rule is raised in defendant Kent Smith's motion for summary judgment (Doc. No. 63), which is not yet ripe for a ruling.

previously reversed, expunged, or otherwise declared invalid. Heck, 512 U.S. at 487. This court has previously decided that the rule in Heck requires this court to dismiss Griffin's § 1983 claims if a favorable judgment would necessarily imply the invalidity of the decision to revoke Griffin's parole. See February 24 Order, approving January 25 R&R (citing White, 121 F.3d at 807, and Farland v. Wall, 91 F. Supp. 3d 74, 78 (D. Mass. 2015)).

Plaintiff has alleged that the May 2016 Letter provided the impetus for the State Defendants' alleged retaliatory arrest and for the parole revocation proceedings. Records of that arrest, filed by Griffin in Griffin v. Nadeau, No. 17-cv-209-LM (D.N.H.) (ECF No. 1, at 11), confirm that Parole Officer Walters based a warrant application, relating to the June 1, 2016 arrest, in part, upon threats directed at Attorney Thorspecken in the May 2016 Letter. Records of the APB's decision, similarly filed by Griffin in the related case, see Nadeau, No. 17-cv-209-LM (ECF No. 1, at 12-13), also demonstrate that consideration of the "threatening" nature of the May 2016 Letter was the basis for the APB's finding that Griffin violated Parole Rule 7. In other words, the APB determined that the May 2016 Letter contained threats directed at Attorney Thorspecken, manifesting criminal conduct or bad behavior for a parolee, when it revoked Griffin's parole based on that finding.

In claiming that the arrest and prosecution of Griffin for the parole violation were retaliatory, Griffin argues that the May 2016 Letter was protected by the First Amendment. This proceeding is not the proper place for this court to decide such issues, as the parole revocation has not been previously invalidated.[6] A favorable decision on Griffin's claim regarding the validity of the arrest and prosecution of Griffin's parole violations, in light of the First Amendment, would necessarily impugn the validity of the APB's revocation of Griffin's parole, to the extent it was based on Griffin's May 2016 Letter and violation of Parole Rule 7. The Heck rule, applied in this case, requires dismissal of all of the First Amendment claims Griffin has asserted against the State Defendants. See Garcia-Melendez v. Gonzalez, No. CV 14-1560 (SEC), 2017 WL 1067756, at *2, 2017 U.S. Dist. LEXIS 40632, at *6 (D.P.R. Mar. 21, 2017) (Heck bars false arrest claim, as favorable verdict would require jury to find agent lacked probable cause to detain her, which in turn would imply that detention was illegal and her conviction invalid); Cabot v. Lewis, No. CV 13-11903-FDS, 2017 WL 1013742, at *9-*10, 2017 U.S. Dist. LEXIS 37086, at *23-*24 (D. Mass. Mar. 15, 2017) (Heck bars plaintiff from challenging

---

[6]A petition for a writ of habeas corpus challenging the validity of the parole revocation as well as the underlying state conviction, is presently pending in this court. See Griffin v. Warden, No. 16-cv-382-JD (D.N.H.).

whether there was probable cause for arrest, as to do so, he would have to negate element of offense for which he received pretrial probation); Hutchins v. Maine State Hous., No. 1:14-CV-00491-JAW, 2015 WL 2250672, at *4, 2015 U.S. Dist. LEXIS 50428, at *11-*12 (D. Me. Apr. 16, 2015) ("civil claim alleging that revocation proceedings or the imposition of special conditions were the result of or were wrongly decided because of false testimony is . . . subject to the Heck bar" (citing cases)), R&R approved by No. 1:14-cv-00491-JAW, 2015 WL 2250672, at *1, 2015 U.S. Dist. LEXIS 62492 (D. Me. May 13, 2015); Neblett v. Concord Fed. Prob., No. 13-CV-515-NT, 2014 WL 808848, at *3-*4, 2014 U.S. Dist. LEXIS 26949, at *6-*13 (D.N.H. Jan. 8, 2014) (applying Heck to selective prosecution claim, which challenged, as discriminatory, probation violation charge that resulted in imposition of special condition requiring probationer to reside in halfway house), R&R approved, No. 13-CV-515-NT, 2014 WL 808848, at *1, 2014 U.S. Dist. LEXIS 25960 (D.N.H. Feb. 28, 2014). Accordingly, the district judge should grant the State Defendants' motion to dismiss (Doc. No. 29).

## Conclusion

For the foregoing reasons, the district judge should grant the State Defendants' motion to dismiss (Doc. No. 29) and deny Griffin's motion to strike, set forth in Document No. 42. Any

9

objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 11, 2017

cc: John R. Griffin, Jr., pro se
 Francis Charles Fredericks, Esq.
 John A. Curran, Esq.
 Robert J. Rabuck, Esq.