UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


John R. Griffin, Jr.

    v.                              Civil No. 16-cv-438-JL

Jennifer Walters, Irena Catovic,
Kevin Valenti, Mark Hastbacka,
and Kent Smith


**REPORT AND RECOMMENDATION**

Before the court are:

- Griffin's motion for an order directing the state to pay for Griffin's acquisition of a transcript of the June 21, 2016 New Hampshire Adult Parole Board ("APB") hearing (Doc. No. 54);

- the state defendants' objection to that motion (Doc. No. 55); and

- Griffin's "Motion for Sanctions per . . . Rule 37" (Doc. No. 58), seeking sanctions based on that objection.

I. **Motion for Transcript (Doc. No. 54)**

Griffin seeks an order requiring the state to pay for transcription of the June 21, 2016 APB hearing. Neither the State nor any of its agencies is a party to this action.

Further, the record in this case indicates that Griffin had an opportunity to listen to a recording of the APB hearing at issue on May 11, 2017, and that prison officials have represented that he will receive future access upon request.  See, e.g., Doc. No. 59-1.  Under the circumstances present here, an order directing the state to pay for transcription of the June 21, 2016 APB hearing is unwarranted, and Griffin's motion (Doc. No. 54) seeking such an order should be denied.

**II.  Motion for Sanctions under Rule 37 (Doc. No. 58)**

Griffin has moved for the imposition of sanctions (Doc. No. 58), including contempt and a default judgment, upon the state defendants based on their objection (Doc. No. 55) to Griffin's motion for a state-furnished APB hearing transcript.  Rule 37 authorizes, in pertinent part, the imposition of sanctions for a party's failure to serve any answer or objection to certain discovery requests, and for a party's failure to comply with a court order.  Neither circumstance exists in this case.  The arguments in the state defendants' objection (Doc. No. 55) appear to be appropriately warranted by the facts and law, and are not otherwise sanctionable.  Accordingly, Griffin's motion for sanctions (Doc. No. 58) is denied.

Conclusion

For the foregoing reasons, Griffin's motions, requesting

that the state pay for transcription of the June 21, 2016 APB hearing (Doc. No. 54), and for sanctions (Doc. No. 58), should be denied. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 7, 2017

cc: John R. Griffin, Jr., pro se
    Elizabeth A. Lahey, Esq.
    Francis Charles Fredericks, Esq.
    John A. Curran, Esq.
    Robert J. Rabuck, Esq.