**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


John R. Griffin, Jr.

    v.                              Civil No. 16-cv-438-JL

Jennifer Walters, Irena Catovic,
Kevin Valenti, Mark Hastbacka,
and Kent Smith


**REPORT AND RECOMMENDATION**

    Before the court is plaintiff John R. Griffin, Jr.'s "Motion to Consider NH RSA 651-A:19 Effect of Recommittal in Respect to Parole Board's Intent and Actions" (Doc. No. 45). Griffin's motion asks this court to find that the New Hampshire Adult Parole Board ("APB") decision of June 21, 2016, recommitting Griffin to the New Hampshire State Prison for an extended term, was inconsistent with New Hampshire Rev. Stat. Ann. ("RSA") § 651-A:19, and was an "emotional-based" act taken in retaliation for Griffin's letter-writing, conduct he alleges was protected under the First Amendment. Doc. No. 45, at 3. Defendants have not responded to this motion.

    This court construes plaintiff's motion (Doc. No. 45) liberally as a motion to amend the complaint to join the APB and its members as new defendants and to add a claim that the June

21, 2016 decision to recommit Griffin for an extended term was an adverse act, outside the appropriate legal authority of the APB, which was taken in retaliation for Griffin's exercise of his First Amendment rights.  The standard applied in considering this motion is set forth in the August 7, 2017 Report and Recommendation ("R&R") (Doc. No. 67), at 3-5, which the district judge approved in its August 30, 2017 Order (Doc. No. 77).

## Discussion

### I. *Heck* Rule

This court previously ruled in this case that the Heck rule, derived from Heck v. Humphrey, 512 U.S. 477 (1994), barred Griffin's due process challenge to the June 21, 2016 revocation of his parole.  See Feb. 24, 2017 Order (Doc. No. 32) (approving Jan. 25, 2017 Report and Recommendation ("R&R") (Doc. No. 19)).  This court has also ruled in this case that Griffin's First Amendment retaliation claims, challenging his arrest and prosecution for a parole violation, were barred by Heck.  See Oct. 13, 2017 Order (Doc. No. 84) (approving Aug. 11, 2017 R&R (Doc. No. 72)).  The same reasoning applies with respect to Griffin's current proposed complaint amendment, asserting that the APB's June 21, 2016 decision to recommit Griffin to an extended term was a retaliatory act that violated Griffin's First Amendment rights.

2

As the June 21 decision to recommit Griffin to an extended term has not been invalidated, and a favorable decision on that claim would necessarily impugn the validity of the APB's decision to re-incarcerate Griffin for an extended term, the Heck rule precludes Griffin from litigating that claim in this action.  See White v. Gittens, 121 F.3d 803, 807 (1st Cir. 1997) (section 1983 claim challenging validity of parole revocation under Due Process Clause was barred by Heck as "any award of damages or declaratory relief would seriously call into question the as yet undisturbed validity of the state parole board's action").  The motion (Doc. No. 45) to amend the complaint to add a First Amendment retaliation claim relating to the APB's decision, to recommit Griffin for an extended term, should thus be denied as futile.

## II. Immunity Issues

To the extent Griffin seeks to proceed on claims against the APB, such claims are barred by the Eleventh Amendment.  See Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015); New Hampshire v. Ramsey, 366 F.3d 1, 14 (1st Cir. 2004). Individual parole board members are shielded by absolute immunity from liability for damages for their decision to recommit Griffin to an extend term of incarceration.  See Johnson v. R.I. Parole Bd. Members, 815 F.2d 5, 6 (1st Cir. 1987) (per curiam); Griffin v. Nadeau, No. 17-cv-209-LM, 2017

3

U.S. Dist. LEXIS 154990, at *4-*6, 2017 WL 4457510, at *2-*3 (D.N.H. Sept. 21, 2017) (ECF No. 8), <u>R&R approved</u>, No. 17-cv-209-LM, 2017 U.S. Dist. LEXIS 164332, 2017 WL 4443451 (D.N.H. Oct. 3, 2017) (ECF No. 10).  Accordingly, neither the APB nor any of its members is properly joined as a defendant here, and the motion to join them (Doc. No. 45) should be denied as futile.

### Conclusion

For the foregoing reasons, the district judge should deny Griffin's "Motion to Consider NH RSA 651-A:19 Effect of Recommittal in Respect to Parole Board's Intent and Actions" (Doc. No. 45).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 7, 2017

cc: John R. Griffin, Jr., pro se
    Elizabeth A. Lahey, Esq.

Francis Charles Fredericks, Esq.
John A. Curran, Esq.
Robert J. Rabuck, Esq.